UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 6:11-CR-00016-GFVT-HAI-2 |
| | ) | |
| V. | ) | |
| | ) | |
| BRANDON N. SMITH, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

*** *** *** ***

This matter is before the Court on the Report and Recommendation filed by United States
Magistrate Judge Hanly A. Ingram. [R. 331.] Defendant Brandon N. Smith has been charged
with seven violation of his supervised release for conduct relating to a state offenses. *Id*. at 2–4.

On January 23, 2012, this Court sentenced Mr. Smith to 21 months imprisonment for
aiding and abetting theft and destruction of government property. [R. 118.] He began his first 3-
year term of supervised release on July 3, 2013. [R. 331 at 1.] On July 1, 2014, Mr. Smith
entered a guilty plea to violating his terms of supervised release for substance abuse violations.
[R. 235.] For these charges, the Court sentenced him to an additional eight months
imprisonment and twenty-eight months of supervised release. [R. 252.]

According to the Supervised Release Violation Report (the Report) issued by the United
States Probation Office (USPO) on September 17, 2015, Mr. Smith submitted a urine sample on
August 28, 2015, which tested positive for morphine, methamphetamine, and amphetamine. [R.
331 at 2.] Mr. Smith reported being given a dosage of morphine and prescribed oxycodone after
ha had been to the hospital for renal colic and kidney stones. *Id*. The Report charges Mr. Smith

with Violations #1 and #2, Grade C Violations, for violating Standard Condition #7, which prohibits him from excessive use of alcohol and from purchasing, possessing, using, distributing, or administered controlled substances except as prescribed by a physician. The Report also charges Mr. Smith with Violations #3 and #4, Grade B Violations, for violating the condition of release which prohibits him from committing another federal, state, or local crime: possession of controlled substances in violation of KRS § 218A.1415. Violations #1 and #3 relate to his use, and thus possession, of morphine, while Violations #2 and #4 relate to his use, and thus possession, of methamphetamine.

On October 29, 2015, the USPO issued an addendum to the Report (the First Addendum), which charged Mr. Smith with two additional violations. According to the First Addendum, on October 20, 2015, he was driving in a reckless manner and failed to stop after a Kentucky State Police Trooper attempted to pull him over. [R. 331 at 3.] The Trooper chased Mr. Smith by vehicle, and then Mr. Smith exited his vehicle and fled by foot. *Id*. On October 21, 2015, he was apprehended by the Knox County Sheriff's Office, where he was found to be in possession of marijuana and several prescription tablets.

As to the police chase on October 20, Mr. Smith was charged in Whitley County District Court for (1) speeding 26 miles per hour or over; (2) first degree fleeing or evading police (motor vehicle), in violation of KRS § 520.095; (3) first degree fleeing or evading police (on foot) , in violation of KRS § 520.095; (4) first degree wanton endangerment, in violation of KRS § 508.060; (5) reckless driving; (6) failure to or improper signal; (7) one headlight; (8) improperly on left side of road; and (9) disregarding a stop sign, the most serious of which are Class D Felonies. [R. 331 at 3.] Mr. Smith entered a guilty plea to second degree fleeing or evading police, and the other charges were dismissed. *Id*. The First Addendum charges Mr. Smith with

Violation #5, a Grade C Violation, for committing another state crime as related to his Whitley County charges.

As to his apprehension in Knox County on October 21, Mr. Smith was charged in Knox County District Court for (1) possession of marijuana; (3) controlled substance prescription not in original container; (3) resisting arrest; and (4) giving officer false name or address. *Id*. He pleaded guilty to all counts. *Id*. The First Addendum charges Mr. Smith with Violation #6, a Grade C Violation, for committing another state crime as related to his Knox County Charges.

The USPO issued another addendum to the Report (the Second Addendum), which added an additional violation. Mr. Smith is charged with Violation #7, a Grade C Violation, for additional state crimes, this time in Laurel County. According to the Second Addendum, Mr. Smith was charged in Laurel County Circuit Court for (1) burglary in the third degree; (2) theft by unlawful taking $500 or more, but under $10,000; (3) criminal mischief in the third degree; and (4) persistent felony offender in the first degree. [R. 331 at 3–4.] He entered a guilty plea to Counts 1 and 2, and he was sentenced to five years of imprisonment for Count 1 and one year of imprisonment for Count 2. *Id*. at 4. This conviction was imposed on June 22, 2016, and he remained in state custody until August 1, 2018, when he was transferred to federal custody. *Id*.

Upon his initial appearance before Magistrate Judge Hanly A. Ingram on August 1, 2018, Mr. Smith entered a knowing, voluntary, and intelligent waiver of his right to a preliminary hearing. [R. 323.] The United States moved for interim detention, and while Mr. Smith argued for release, Judge Ingram found detention appropriate. *Id*. On August 16, 2018, Judge Ingram held a final revocation hearing where Mr. Smith competently entered a knowing, voluntary, and intelligent stipulation to Violations #2, #4, #5, #6, and #7. [R. 329.] With regards to Violations #1 and #3, defense counsel introduced medical records from Knox County Hospital showing

where Mr. Smith had been prescribed morphine. *Id.* The Government, accordingly, moved to dismiss Violations #1 and #3. *Id.*

As an initial matter, Judge Ingram noted that revocation is mandatory because Mr. Smith was in possession of a controlled substance. 18 U.S.C. § 3583(g)(1). With Mr. Smith's criminal history category of III and a Grade B violation,[1] Judge Ingram calculated his Guidelines Range to be eight to fourteen months. [R. 331 at 6.] The Government argued for nine months imprisonment followed by six months of supervised release, with the first three months of release spent in an inpatient rehabilitation facility. *Id.* at 5. Counsel for Mr. Smith argued for 90 days of imprisonment followed by nine months of supervised release under the same condition of inpatient rehabilitation as suggested by the Government. *Id.*

After consideration of the nature and circumstances of Mr. Smith's conviction, as well as his history and characteristics, Judge Ingram determined revocation mandatory. *Id.* at 6. Judge Ingram noted Mr. Smith's underlying offenses and those presently at issue all stemmed from his addiction. *Id.* Further, Judge Ingram addressed the need to protect the public, specifically as to the crimes committed in Knox, Whitley, and Laurel Counties. *Id.* at 7. While testimony from Mr. Smith's mother suggested he was on the right track, and that he has support from his family in his sobriety, Judge Ingram did not find it appropriate to vary below the Guidelines Range. *Id.* at 7–8. Ultimately, Judge Ingram recommended nine months of incarceration, followed by six months of supervised release under additional conditions. *Id.* at 9.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of

---

[1] *See* U.S.S.G. § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.").

service. *Id.* at 16; *see* 28 U.S.C. § 636(b)(1).  No objections to Judge Ingram's Report and Recommendation were filed within the appropriate time by either party.  Instead, Mr. Smith has filed a waiver of allocution.  [R. 332.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made.  28 U.S.C. § 636(b)(1)(c).  But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard."  *See Thomas v. Arn*, 474 U.S. 140, 151 (1985).  Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition. Accordingly, it is hereby **ORDERED** as follows:

1. The Report and Recommendation [**R. 331**] as to Defendant Brandon N. Smith, is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Smith is found **GUILTY** of Violations #2, #4, #5, #6, and #7;

3. Violations #1 and #3 are **DISMISSED**;

4. Mr. Smith's Supervised Release is **REVOKED;**

5. Mr. Smith is hereby sentenced to a term of incarceration of **nine (9) months**;

6. Upon completion of the term of incarceration, Mr. Smith is hereby sentenced to a term of supervised release of **six months** under the conditions previously imposed with two added conditions:

   a. Upon release, Defendant Brandon Smith must immediately enroll in and successfully complete a ninety-day inpatient rehabilitation program, including

complying with all program requirements and paying for the cost of the program

if deemed reasonable as a matter of the USPO's discretion; and

b.       Defendant actively seek and maintain full-time employment; and

7.       Judgment shall enter promptly.

This the 27th day of August, 2018.

Gregory F. Van Tatenhove
United States District Judge